**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS CERVANTES-
SAMANIEGO,

Defendant-Appellant.

No. 10-3043
(D.C. No. 2:07-CR-20099-JWL-DJW-17)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Carlos Cervantes-Samaniego pleaded guilty, pursuant to a plea

agreement, to conspiracy to distribute 1000 kilograms or more of marijuana and

5 kilograms of cocaine. The district court sentenced defendant to a total of

235 months' imprisonment. This sentence was below the statutory maximum of

life imprisonment and within the advisory guideline range determined by the

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

district court. In his plea agreement, the defendant "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with [his] prosecution, . . . conviction, or the components of the sentence to be imposed," if the sentence was "within the guideline range determined appropriate by the [c]ourt." Mot. to Enforce, App., Vol. I, at A12. Nevertheless, the defendant filed a notice of appeal, seeking to challenge his sentence. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (internal quotations marks omitted).

The defendant contends that his intended appeal does not fall within the scope of the appeal waiver. He bases this on his counsel's statement to the court at the plea colloquy that the defendant was not stipulating in his plea agreement to the amount and kinds of drugs attributed to him with respect to a relevant-conduct sentencing enhancement or to a weapons sentencing enhancement. He argues that the broad language of his appeal waiver was narrowed by these reservations, such that his waiver is limited to an appeal from the minimum sentence which could statutorily be imposed. We disagree, and find that nothing said at the plea colloquy altered the broad and unambiguous appeal waiver in the plea agreement.

At the plea colloquy, the court carefully explained the sentencing process to the defendant, App., Vol. I, at A25-A30, including his right to file objections to the presentence investigation report, *id*. at A28, and his right, at the sentencing hearing, to put on evidence concerning sentencing and to make arguments about sentencing, *id*. at A28 to A29. The defendant told the court he understood the sentencing process, he understood that only the court would make the sentence determination, and he understood that he could not withdraw his guilty plea if he did not agree with the court's sentencing determination. *Id*. at A29-A30, A38. The court explained the appeal waiver to the defendant, and the defendant told the court he understood he was giving up his right to appeal the sentence imposed by the court. *Id*. at A38-A39.

-3-

The defendant's counsel did make clear at the plea colloquy that the defendant was not stipulating in the plea agreement to any relevant-conduct or weapons sentencing enhancements. *Id.* at A34 to A37. But these statements did not alter the plea agreement or its broad appeal waiver. The plea agreement did not limit the defendant's right to file objections to, or put on evidence regarding, sentencing matters *prior* to the district court's imposition of the sentence, including relevant conduct and weapons sentencing enhancements. But once the district court imposed the sentence, the broad appeal waiver prohibited the defendant from challenging the sentence or "any component" of the sentence, unless the sentence exceeded the advisory sentencing guideline determined appropriate by the court. *Id.* at A12.

The appeal waiver did not provide any exception permitting the defendant to challenge the sentence enhancements determined by the district court to be appropriate, including relevant-conduct or weapons enhancements. The only reservation in the appeal waiver was if the sentence imposed by the court exceeded the advisory guideline determined by the court. The sentence imposed by the court was within the guideline range the court determined appropriate, and therefore, the defendant's proposed appeal challenging his sentence is within the scope of the appeal waiver. *Cf. United States v. Lyons*, 510 F.3d 1225, 1233 (10th Cir. 2007) (holding that defendant's appeal of the denial of his motion to

dismiss was within scope of his appeal waiver because the plea agreement's waiver provision did not reserve this issue as an exception to the waiver).

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM
